# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60259
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

BILAL AHMED, also known as Bill Ahmed,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 762 262

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bilal Ahmed, a native and citizen of Pakistan, seeks review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the immigration judge's (IJ) denial of his application seeking withholding of removal and protection under the Convention Against Torture (CAT). Ahmed also sought adjustment of status. However, this application was transferred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60259

by the IJ to the United States Citizenship and Immigration Services (USCIS) after determining it lacked jurisdiction to consider the application.

Before this court, Ahmed does not challenge the BIA's determination that he is subject to removal because he failed to satisfy his burden for withholding of removal and CAT protection. Accordingly, he has abandoned any such challenge. *See Soadjede v. Aschcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Ahmed contends that his removal proceedings are a nullity because his notice to appear did not specify a time or date for him to appear in immigration court. He also appears to challenge the IJ's decision determining that it lacked jurisdiction to consider his application for adjustment of status due to his classification as an arriving alien. In addition, Ahmed appears to argue that counsel rendered ineffective assistance in not arguing that he was entitled to CAT protection because of his involvement in confidential Department of Homeland Security investigations. The Government contends that Ahmed did not exhaust these issues. Ahmed responds that he was never advised by his attorney that he was required to present his issues to the BIA prior to presenting them before this court. He also complains that there were unnecessary delays that violated his constitutional rights in connection with the adjudication of his adjustment of status application before the IJ and the USCIS.

Judicial review of a final removal order is available only where the alien has exhausted all administrative remedies of right. 8 U.S.C. § 1252(d)(1). Because the exhaustion requirement is statutorily mandated, an alien's failure to exhaust an issue before the BIA is a jurisdictional bar to our consideration of the issue. *Wang v. Ashcroft,* 260 F.3d 448, 452 (5th Cir. 2001). As the Government correctly argues, Ahmed failed to raise the above issues before the

No. 19-60259

BIA. Because he failed to do so, he did not exhaust these issues, and we lack jurisdiction to review them. *See id.* Therefore, Ahmed's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.